# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CV F  06-671 OWW SMS P |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND AS FRIVOLOUS (Doc. 1) |
| CALIFORNIA CORRECTIONAL INSTITUTION CONFINEMENT SHU, | ORDER DIRECTING CLERK OF COURT TO TERMINATE ACTION |
| Defendants. | |

Willie Weaver ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on June 14, 2006.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] To date, Plaintiff has filed 58 cases in this Court, most of which the Magistrate Judges have recommended dismissal for Plaintiff's failure to state a claim for relief and/or as frivolous.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Court has examined the Complaint and finds that it not only fails to state a claim for relief but that the allegations are frivolous. A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984).

As in the majority of other cases filed by Plaintiff, the Complaint alleges that the Defendants, all of whom have been identified solely by their job titles of Director, Warden, Asst. Warden, and Captain are in a conspiracy watching Plaintiff night and day from a wall cameras from [the] neighboring cell (Complaint at 6.) Plaintiff also contends that the named Defendants have placed on him a mind device machine .Id.

Even construing these allegations in the light most favorable to Plaintiff, his allegations have no basis in fact or law. Plaintiff has also failed to link any of his claims to any named Defendant. Rizzo v. Goode, 423 U.S. 362 (1976). Additionally, verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff requests 10

1  million dollars in compensatory damages and 10 million dollars in punitive damages.  The
2  amount of monetary damages requested by a prisoner proceeding in forma pauperis has been held
3  relevant to a frivolity determination.  Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2005.)
4  　　　The Court finds that the deficiencies outlined above are not capable of being cured by
5  amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii);
6  Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  As such, the Court HEREBY
7  ORDERS:
8  　　　1.　　The instant action is DISMISSED for Plaintiff's FAILURE TO STATE A CLAIM
9  　　　　　　upon which relief can be granted and as FRIVOLOUS.
10  　　　2.　　The Clerk of Court is DIRECTED to terminate this action in its entirety.
11  　　　The dismissal of this action constitutes a "strike" within the meaning of Title 28
12  U.S.C.§ 1915(g).[2]
13  IT IS SO ORDERED.
14  **Dated:    July 15, 2006**　　　　　　　　　**/s/ Oliver W. Wanger**
    emm0d6　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2]The Prison Litigation Reform Act ("PLRA") preclude the privileges of proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.§ 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 116 n.1 (9th Cir. 2005).